1 | Douglas R. Hart, SBN 115673
  | dhart@sidley.com
2 | Jennifer B. Zargarof, SBN 204382
  | jzargarof@sidley.com
3 | Heidi Larson Howell, SBN 254600
  | hlarsonhowell@sidley.com
4 | SIDLEY AUSTIN LLP
  | 555 West Fifth Street, Suite 4000
5 | Los Angeles, California 90013
  | Telephone: (213) 896-6000
6 | Facsimile: (213) 896-6600

7 | Attorneys for Defendants
  | CVS CAREMARK CORPORATION
8 | and CVS PHARMACY, INC.

FILED
CLERK, U.S. DISTRICT COURT
JUL - 1 2013
CENTRAL DISTRICT OF CALIFORNIA
BY                      DEPUTY

9 | **UNITED STATES DISTRICT COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA**

11 | SUSAN HOWARD, an individual,
   | ROSELYN WOODEN, an individual,
12 | ISABEL ALEXANDER, an individual,
   | on behalf of themselves and all others
13 | similarly situated,

Case No. **CV13-04748** (SSx)

14 |        Plaintiffs,

**DEFENDANTS CVS CAREMARK CORPORATION AND CVS PHARMACY, INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**

15 |   v.

16 | CVS CAREMARK CORPORATION, a
   | Delaware Corporation; CVS
17 | PHARMACY, a Rhode Island
   | Corporation; CVS/PHARMACY, a
18 | business organization, form unknown;
   | and DOES 1 through 25, inclusive,

State Action Filed: March 14, 2013

State Action Served: May 30, 2013

19 |        Defendants.

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

**NOTICE OF REMOVAL**

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendants CVS Pharmacy, Inc. and CVS Caremark Corporation ("Defendants") hereby remove the action captioned *Susan Howard, et al. v. CVS Caremark Corporation, et al.*, Case No. BC502899 (the "State Court Action"), from the California Superior Court for the County of Los Angeles to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice, Defendants state as follows:

**THE PARTIES AND THEIR CITIZENSHIP**

1.      Defendant CVS Pharmacy, Inc. is, and was during all relevant times, a corporation organized under the laws of the State of Rhode Island, with its principal place of business located in Rhode Island. Exhibit A, First Amended Complaint ("Compl."), ¶ 9; Declaration of Melanie Luker ("Luker Decl."), ¶ 3. Thus, CVS Pharmacy, Inc. is a citizen of Rhode Island for purposes of diversity jurisdiction, and is not a citizen of California. *See* 28 U.S.C. §§ 1332(c).

2.      Defendant CVS Caremark Corporation is, and was during all relevant times, a corporation organized under the laws of the State of Delaware, with its principal place of business located in Rhode Island. Compl., ¶ 8; Luker Decl., ¶ 4. Thus, CVS Caremark Corporation is a citizen of Delaware and Rhode Island for purposes of diversity jurisdiction, and is not a citizen of California. *See* 28 U.S.C. §§ 1332(c).

3.      Plaintiffs Susan Howard, Roselyn Wooden, and Isabel Alexander (collectively, "Plaintiffs") were all California employees of CVS. Defendants are informed and believe, and on that basis allege, that at all times relevant to this action, Plaintiffs have been residents of the State of California. Compl., ¶¶ 5-7. Residence is

1    *prima facie* evidence of domicile. *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19
2    F.3d 514, 520 (10th Cir. 1994). Accordingly, Plaintiffs are citizens of the State of
3    California, and, for purposes of diversity jurisdiction, are not citizens of the States of
4    Rhode Island or Delaware.
5         4.    The putative class is alleged to consist of "[a]ll persons who worked for
6    Defendants in California within four years prior to the filing of this complaint until the
7    date of certification, as hourly, non-exempt employees who worked as a pharmacist,
8    pharmacy technician or pharmacy aide [] and who worked more than 40 hours in a
9    week or 8 hours in a day." Compl., ¶ 14. Defendants' personnel records indicate that
10   the vast majority of these putative class members have last known addresses located
11   within the State of California. Declaration of Dina Ienello-Denham ("Ienello-Denham
12   Decl."), ¶ 4. Therefore, Defendants assert and affirmatively allege that at least one
13   (and probably almost all) of the members of this putative class are not citizens of the
14   States of Rhode Island or Delaware, and are instead citizens of California.
15
16                           **TIMELINESS OF REMOVAL**
17        5.    The State Court Action was filed in the Superior Court for the County of
18   Los Angeles on or about March 14, 2013. The First Amended Complaint was filed on
19   May 10, 2013. Compl., at p. 1. The First Amended Complaint was served on
20   Defendants on May 30, 2013. After receipt and review of the First Amended
21   Complaint, Defendants became aware of the grounds for removal pursuant to the
22   Class Action Fairness Act. Thus, this Notice of Removal is timely, having been filed
23   prior to the expiration of thirty days "after receipt by the defendant, through service or
24   otherwise, of a copy of an amended pleading . . . from which it may first be
25   ascertained that the case is one which is or has become removable." 28 U.S.C. §
26   1446(b).
27   ///
28   ///

1  **REMOVAL JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT**

2        6.    The Class Action Fairness Act ("CAFA") amended the diversity

3  jurisdiction statute, 28 U.S.C. § 1332, by adding provisions that give federal courts

4  original jurisdiction where the following factors are met:

5        a.    the aggregate amount in controversy exceeds $5,000,000;

6        b.    any member of the plaintiff class is a citizen of a State different

7  from any defendant or any member of the plaintiff class is a citizen or subject of a

8  foreign state and any defendant is a citizen of a State ("minimal diversity");

9        c.    the primary defendants are not states, state officials, or other

10  government entities against whom the district court may be foreclosed from ordering

11  relief; and

12        d.    the number of members of the plaintiff class is 100 or more.

13  28 U.S.C. § 1332(d)(2); *see also Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d

14  675, 679 (7th Cir. 2006).

15

16  **A.**    **Minimal Diversity**

17        7.    In the present case, the minimal diversity requirement of the CAFA has

18  been met.  As noted above, Defendants are citizens of Rhode Island and Delaware,

19  and Plaintiffs are citizens of California, and at least one member of the putative class

20  is a citizen of a state other than Rhode Island or Delaware.  Compl., ¶¶ 5-9; Luker

21  Decl., ¶¶ 3, 4; Ienello-Denham Decl., ¶ 4.  Accordingly, the minimal diversity

22  requirement of the CAFA is satisfied in two separate and equally sufficient manners.

23  *See* 28 U.S.C. § 1332(d)(2)(A), (B).

24        8.    Additionally, Defendants are not states, state officials, or other

25  government entities against whom the district court may be foreclosed from ordering

26  relief.

27  ///

28  ///

4

**B.    Class Size**

9.    With respect to the CAFA requirement of numerosity, Plaintiffs' First Amended Complaint asserts that "the class is estimated to be greater than one hundred individuals." Compl., ¶ 19(a).  The scope of the putative class, as identified in Plaintiffs' First Amended Complaint, is ""[a]ll persons who worked for Defendants in California within four years prior to the filing of this complaint until the date of certification, as hourly, non-exempt employees who worked as a pharmacist, pharmacy technician or pharmacy aide [] and who worked more than 40 hours in a week or 8 hours in a day." Compl., ¶ 14.  Defendants' records confirm that the number of putative class members is indeed "greater than one hundred" and, in fact, is in excess of 9,490.  Ienello-Denahm Decl., ¶ 5.

**C.    Amount in Controversy**

10.    While Plaintiffs' First Amended Complaint does not set forth the precise amount of money being sought from Defendants, the allegations therein make it clear that the aggregated amount in controversy for the putative class exceeds $5,000,000. *See* 28 U.S.C. § 1332(d)(6) ("the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000).

11.    Defendants burden to demonstrate the amount in controversy is low. They need show only that there is a "reasonable probability that the stakes exceed [the $5,000,000] minimum." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005).

12.    Plaintiffs allege causes of action for (1) unpaid wages (Cal. Labor Code § 204); (2) wages not paid timely upon termination (Cal. Labor Code §§ 201, 202); (3) unlawful business practices (Cal. Business & Professions Code § 17200 *et seq.*); and (4) penalties pursuant to Labor Code §2698, et seq. – PAGA. *See* Compl.  Notably, there are in excess of 9,490 putative class members.  Ienello-Denahm Decl., ¶ 5.  Even

if there were only 9,000 putative class members, this would mean that an average amount in dispute per class member of *only $555.56* would be sufficient to meet the $5,000,000 threshold.

13.    Plaintiffs allege that they and the putative class members they seek to represent were required to work "off-the-clock" because: they were asked to work off-the-clock; they were understaffed; and they were told that overtime would no longer be approved. Compl., ¶ 24. Plaintiffs also allege that Defendants "routinely denied Plaintiffs and the Class regular and overtime wages . . ." Compl., ¶ 27. Although the rates of pay for some putative class members exceed $70 per hour (*see* Ienello-Denham Decl., ¶ 3), simply using the average rate of pay of $46.15 for each of the 9,490 putative class members, Plaintiffs would only have to show that the number of unpaid hours of work per putative class member was *11.42 over the course of a four-year period* in order for the class claims to exceed $5,000,000. Ienello-Denham Decl., ¶¶ 3, 5. Furthermore, this calculation does not even take into consideration the potential amount of any penalties pursuant to the Private Attorneys' General Act, which Plaintiffs claim they are entitled to. *See* Compl., ¶¶ 50-58. Accordingly, there is certainly "a reasonable probability that the stakes exceed" $5,000,000. *Brill*, 427 F.3d at 448-49.

14.    Plaintiffs also seek to recover their attorneys' fees. Compl., ¶¶ 37, 49, 56; Prayer, ¶¶ 7, 18, 23. These fees are also properly considered in the analysis of the amount in controversy. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512 (7th Cir. 2006) ("attorneys' fees up to the time of removal also count toward the jurisdictional amount").

15.    Taking the aggregate damages sought by Plaintiffs, in addition to the attorneys' fees being sought, it is clear that there is "a reasonable probability that the stakes exceed" $5,000,000. *Brill*, 427 F.3d at 448-49. Accordingly, removal is proper. 28 U.S.C. § 1332(d).

**D.    CAFA Exceptions Are Not Applicable**

16.    Further, while 28 U.S.C. § 1332(d)(3) & (4) does recognize situations where this Court may or must decline jurisdiction despite the fact that the minimal diversity and the amount in controversy requirements of § 1332(d)(2) are satisfied, this case does not fall into either category because Defendants are not citizens of California. *See* 28 U.S.C. § 1331(d)(3) (discretionary declination of jurisdiction limited to situation where "the primary defendants are citizens of the state where the action was originally filed") and 1332(d )(4)(A) (local controversy mandatory declination limited to where "at least one defendant is . . . a citizen of the State in which the class action was filed"); *see also* 1331(d)(4)(B) (home state controversy mandatory declination limited to cases where "the primary defendants are citizens of the State in which the action was originally filed"). Additionally, Plaintiffs shoulder the burden of establishing that any of these exceptions apply. *Hart*, 457 F.3d at 681 ("Our holding [is] that the plaintiff has the burden of persuasion on the question whether the home-state or local controversy exceptions apply.").

## VENUE

17.    Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the alleged claims occurred in the Central District of California. Compl., ¶ 4. Venue in the Central District of California is also proper pursuant to 28 U.S.C. § 1441(a) because the county in which the State Court Action was pending is found within this District.

## DEFENSES

18.    The removal of this action to the Central District of California does not waive Defendants' ability to assert any defense in this action.

**PLEADINGS**

19.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on CVS to date, is attached as follows:

Exhibit A     Summons

Exhibit B     Complaint

Exhibit C     Notice of Related Case

Exhibit D     Initial Status Conference Order (Complex Litigation Program)

Exhibit E     Court Order Regarding Newly Filed Class Action

Exhibit F     Notice of Related Case

Exhibit G     First Amended Complaint

Exhibit H     Order Re: Notice of Related Case

Exhibit I     Order Re: Notice of Related Cases

Exhibit J     Plaintiffs' Initial Status Conference Statement

**NOTICE TO PLAINTIFFS AND THE STATE COURT**

20.     Pursuant to 28 U.S.C. § 1446(d), in addition to serving a copy of this Notice of Removal on counsel for Plaintiffs, Defendants are filing in the Los Angeles Superior Court and serving upon counsel for Plaintiffs a separate document entitled "Notice of Filing of Notice of Removal to Federal Court."

Accordingly, Defendants respectfully request that the State Court Action be removed in its entirety to this Court.

Dated: July 1, 2013                         SIDLEY AUSTIN LLP

                                            By: _____
                                            Douglas R. Hart
                                            Jennifer B. Zargarof
                                            Heidi Larson Howell
                                            Attorneys for Defendants

# EXHIBIT A

*5-30-13*
*10:30*

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CVS CAREMARK CORPORATION, a Delaware Corporation; CVS
PHARMACY, a Rhode Island Corporation (see sum 200A)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SUSAN HOWARD, an individual, ROSELYN WOODEN, an
individual,  (see sum 200)

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 14 2013

John A. Clarke, Executive Officer/Clerk
By Amber Hayes, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*  Los Angeles Superior Court

**CASE NUMBER:** *(Número del Caso):*  B C 5 0 2 8 9 9

Stanley Mosk Courthouse, Central District
111 North Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David R. Markham, The Markham Law Firm, 750 B Street, Ste. 1950, San Diego, CA 92101, (619) 399-3995

DATE: *(Fecha)*  **John A. Clarke**  Clerk, by *(Secretario)*  **Amber Hayes**  , Deputy *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**[SEAL]**

MAR 14 2013

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*  CVS/Pharmacy, A Business Organization, form Unknown
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

**SUMMONS**

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| HOWARD et al. v. CVS CAREMARK CORPORATION et al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

CVS/PHARMACY, a business organization, form unknown; and DOES 1 through 25, inclusive,

Page __2__ of __3__

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| HOWARD et al. v. CVS CAREMARK CORPORATION et al. | |

### INSTRUCTIONS FOR USE

+ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
+ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[✓] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

ISABEL ALEXANDER, an individual, on behalf of themselves and all others similarly situated,

Page ___3___ of ___3___

Page 5 of 1

### ADDITIONAL PARTIES ATTACHMENT
Attachment to Summons

# EXHIBIT B

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| David R. Markham, CA Bar# 071814   Janine Menhennet, CA Bar# 163501<br>THE MARKHAM LAW FIRM<br>750 B Street, Suite 1950<br>San Diego, CA 92101<br>TELEPHONE NO.: (619) 399-3995          FAX NO.: (619) 615-2067<br>ATTORNEY FOR (Name): Susan Howard, Roselyn Wooden and Isabel Alexander | **CONFORMED COPY**<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>MAR 14 2013<br><br>John A. Clarke, Executive Officer/Clerk<br>By Amber Hayes, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse, Central District

CASE NAME:
HOWARD et al. v. CVS CAREMARK CORPORATION et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: B C 5 0 2 8 9 9 |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Mass tort (40) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24) | **Real Property** | [ ] Insurance coverage claims arising from the |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | above listed provisionally complex case |
| [ ] Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties            d. [✓] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel       e. [ ] Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve                     in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence                f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): 3; Violation of CA Labor Code sec. 204, 226 and CA B&P Code sec.17200
5. This case [✓] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 13, 2013
David R. Markham / Janette Menhennet
                    (TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

| SHORT TITLE: HOWARD et al. v. CVS CAREMARK CORPORATION et al. | CASE NUMBER: B C 5 0 2 8 9 9 |
| --- | --- |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 14   ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4)

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check <u>one</u> Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> ### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
| --- | --- | --- | --- |
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE: HOWARD et al. v. CVS CAREMARK CORPORATION et al. | CASE NUMBER: |
|---|---|

| | | | | |
|---|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 | Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 | Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 | Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 | Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 | Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 | Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 | Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037 | Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☒ A6024 | Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 | Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 | Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 | Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 | Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 | Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 | Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 | Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 | Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 | Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 | Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 | Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 | Eminent Domain/Condemnation   Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 | Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 | Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 | Quiet Title | 2., 6. |
| | | ☐ A6060 | Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 | Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 | Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F | Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 | Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: | HOWARD et al. v. CVS CAREMARK CORPORATION et al. | CASE NUMBER |
| --- | --- | --- |

| | | | |
| --- | --- | --- | --- |
| Judicial Review | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8. |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8. |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 9. |
| | | ☐ A6160  Abstract of Judgment | 2, 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8. |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9. |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2, 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 4, 8. |
| | | ☐ A6100  Other Civil Petition | 2, 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: HOWARD et al. v. CVS CAREMARK CORPORATION et al. | CASE NUMBER |
|---|---|

**Item III.** *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>Employment violations for class action occurred in Los Angeles County. |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE: |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk _____ courthouse in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: March 13, 2013 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 1 4 2013

John A. Clarke, Executive Officer/Clerk
By Amber Hayes, Deputy

1    David R. Markham  CA Bar #071814
     dmarkham@markham-law.com
2    Peggy Reali  CA Bar #153102
     preali@markham-law.com
3    Janine Menhennet  CA Bar #163501
     jmenhennet@markham-law.com
4    Maggie Realin  CA Bar #263639
     mrealin@markham-law.com
5    THE MARKHAM LAW FIRM
     750 B Street, Suite 1950
6    San Diego, CA  92101
     (619)399-3995
7
     Walter Haines, CA Bar #71075
8    walter@whaines.com
     UNITED EMPLOYEES LAW GROUP
9    5500 Bolsa Avenue, Suite 201
     Huntington Beach, CA 92649
10   (310) 234-5678

11   Attorneys for Representative Plaintiffs
     and the Plaintiff Classes

12

13

14          SUPERIOR COURT OF THE STATE OF CALIFORNIA

15             FOR THE COUNTY OF LOS ANGELES

16

| | |
|---|---|
| 17   SUSAN HOWARD, an individual, ROSELYN | Case No.    **B C 5 0 2 8 9 9** |
| 18   WOODEN, an individual, ISABEL | |
| 19   ALEXANDER, an individual, on behalf of themselves and all others similarly situated, | **CLASS ACTION COMPLAINT** |
| 20            Plaintiffs, | (1) Violation of California Labor Code section 204; |
| 21   v. | (2) Violation of California Labor Code section 226; and |
| 22   CVS CAREMARK CORPORATION, a Delaware Corporation; CVS PHARMACY, a Rhode Island | (3) Violation of California Business and Professions Code §§ 17200, *et seq.* |
| 23   Corporation; CVS/PHARMACY, a business organization, form unknown; and DOES 1 through | |
| 24   25, inclusive, | **DEMAND FOR JURY TRIAL** |
| 25            Defendants. | |
| 26 | |
| 27 | |
| 28 | |

1    Representative Plaintiffs, individually and on behalf of all other members of the class similarly

2    situated, allege as follows:

## JURISDICTION AND VENUE

3

4    1.   This class action is brought pursuant to Code of Civil Procedure section 382. The monetary

5    damages and restitution sought by Plaintiffs exceed the minimal jurisdiction limits of the Superior

6    Court, in an amount to be proved at time of trial.

7    2.   This Court has jurisdiction of this action under California Constitution, Article VI, section 10.

8    3.   This Court has jurisdiction over Defendants because Defendants conduct business in California

9    and are licensed to do business in California.

10   4.   Venue is proper in this Court because Defendants committed the acts complained of herein in

11   Los Angeles County, as well as in other locations throughout the State of California.

## PARTIES

12

13   5.   Plaintiff SUSAN HOWARD is a resident of Stanislaus County, California.

14   6.   Plaintiff ROSELYN WOODEN is a resident of Solano County, California.

15   7.   Plaintiff ISABEL ALEXANDER is a resident of Los Angeles County, California.

16   8.   Defendant CVS CAREMARK CORPORATION is a Delaware corporation doing business in

17   California, and was and is an employer whose employees are employed throughout the State of

18   California and numerous other states throughout the nation.

19   9.   Defendant CVS PHARMACY, INC. is a Rhode Island corporation doing business in California,

20   and was and is an employer whose employees are employed throughout the State of California and

21   numerous other states throughout the nation.

22   10. Defendant CVS/PHARMACY is a business organization, form unknown, doing business in

23   California, and was and is an employer whose employees are employed throughout the State of

24   California and numerous other states throughout the nation.

25   11. Defendants Does 1 through 100, inclusive, are sued herein under fictitious names. Their true

26   names and capacities are unknown to Plaintiffs. When the true names and capacities are ascertained,

27   Plaintiffs will amend this complaint by inserting their true names and capacities herein. Plaintiffs are

28   informed and believe and thereon allege that each of the fictitiously-named Defendants are responsible

2
Complaint

1  in some manner for the occurrences herein alleged, and that Plaintiffs' damages as herein alleged were

2  proximately caused by those Defendants. Each reference in this complaint to Defendant or Defendants,

3  refers also to all Defendants sued under fictitious names.

### CLASS ACTION ALLEGATIONS

4

5  12. Plaintiffs bring this action on their own behalf, as well as on behalf of each and all other persons

6  similarly situated, and therefore seek class certification under Code of Civil Procedure section 382.

7  13. All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by

8  California law.

9  14. Plaintiffs' proposed class consists of and is defined as follows:

10      All persons who worked for Defendants in California within four years prior to the filing
        of this complaint until the date of certification, as hourly, non-exempt employees who

11      worked as a pharmacist, pharmacy technician or pharmacy aide ("Class") and who
        worked more than 40 hours in a week or 8 hours in a day.

12

13  15. Plaintiffs reserve the right to redefine the above Class and to establish subclasses as appropriate,

14  based on discovery and specific theories of liability.

15  16. Plaintiffs allege that class members were denied regular and overtime wages.  Defendants did not

16  staff their stores adequately and forced class members to work off the clock.

17  17. The wrongful acts or omissions were and are a uniform practice that affected all putative class

18  members equally.  Defendants, by their practices and policies, have violated the rights of its employees

19  under the California Labor Code, and the Unfair Competition Law.  The questions raised are therefore of

20  common or general interest to the class members, and they have a well-defined community of interest in

21  the questions of law and fact raised in this action.  The only recognizable difference between class

22  members will be the amounts owed to each individual member.

23  18. There are common questions of law and fact as to the Class that predominate over questions

24  affecting only individual members, including, but not limited to:

25      (a) Whether Defendants failed to timely pay all wages due to Plaintiffs and the Class when

26      earned, under Labor Code section 204;

27      (b) Whether Defendants failed to properly itemize the Plaintiffs' and the Class' wage statements

28      during their employment;

1   (c) Whether Defendants engaged in unfair business practices in violation of Business &

2    Professions Code sections 17200, *et seq.*; and

3   (d) The appropriate amount of damages, restitution, or monetary penalties resulting from

4    Defendants' violations of law.

5  19. There is a well-defined community of interest in the litigation and the Class is readily

6 ascertainable.

7   (a) Numerosity: The members of the class are so numerous that joinder of all members would

8    be unfeasible and impractical. The membership of the entire class is unknown to Plaintiffs at

9    this time; however, the class is estimated to be greater than one hundred individuals and the

10   identity of such membership is readily ascertainable by inspection of Defendants'

11   employment records.

12   (b) Typicality: Plaintiffs are qualified to, and will, fairly and adequately protect the interests of

13    each class members with whom they have a well-defined community of interest, and

14    Plaintiffs' claims (and/or defenses, if applicable) are typical of all class members as

15    demonstrated herein;

16   (c) Adequacy: Plaintiffs are qualified to, and will, fairly and adequately protect the interests of

17    each class member with whom they have a well-defined community of interest and typicality

18    of claims, as demonstrated herein. Plaintiffs' attorneys, proposed class counsel, are well-

19    versed in class action procedure. Plaintiffs have incurred, and will continue to incur costs

20    and attorneys' fees which have been, and will necessarily be expended for the pursuit of this

21    action, for the substantial benefit of each class member.

22   (d) Superiority: The nature of this action makes the use of class action adjudication superior to

23    other methods. A class action will achieve economies of time, effort and expense as

24    compared to separate lawsuits, and will avoid inconsistent outcomes because the same issues

25    can be adjudicated in the same manner and at the same time for the entire class.

26   (e) Public Policy Considerations: Employers in California violate employment and labor laws

27    every day. Current employees are often afraid to assert their rights out of fear of direct or

28    indirect retaliation. Former employees are often fearful of bringing actions because they

1  believe their former employers might damage their future endeavors through negative

2  references and/or other means. Class actions provide the class members who are not named

3  in the complaint with anonymity which allows for the vindication of their rights while

4  simultaneously protecting their privacy.

5  <u>GENERAL ALLEGATIONS</u>

6  20. Defendants employed plaintiff HOWARD in a non-exempt, hourly-paid position as a pharmacist

7  from approximately 2008-2012, at its Riverbank store, in Riverbank, California.

8  21. Defendants employed plaintiff WOODEN in a non-exempt, hourly-paid position as a pharmacy

9  aide from approximately May, 2002 through December, 2012, at its Napa store on Trancas Street.

10  22. Defendants have employed plaintiff ALEXANDER in a non-exempt, hourly-paid position as a

11  pharmacy technician since approximately 2007, in its Lancaster store.

12  23. Defendants continue to employ non-exempt, hourly-paid employees working in the pharmacy,

13  within California and throughout the United States.

14  24. Plaintiffs are informed and believe and thereon allege that Defendants' employees working in the

15  pharmacy were not paid for all wages earned, due to a combination of being asked to work off-the-

16  clock, being understaffed, and being told that overtime would no longer be approved.

17  25. State and federal statutes and regulations require that certain prescriptions be filled in a time-

18  sensitive manner due to the nature of the medication or illness. The pharmacy department has no

19  discretion as to when to fill certain prescriptions.

20  26. Despite these laws requiring the mandatory filling of certain prescriptions, Defendants refused to

21  approve overtime for their employees working in the pharmacy, whose job it is to fill these prescriptions

22  in a timely manner. Plaintiffs and the Class therefore worked off-the-clock to comply with the laws,

23  despite Defendants' instructions that overtime would no longer be approved for hourly employees.

24  27. Defendants routinely denied Plaintiffs and the Class regular and overtime wages to employees

25  working more than eight hours per day and more than forty hours per week. In addition, Defendants

26  routinely failed to timely pay employees' due wages.

27  28. Defendants knew or should have known that Plaintiffs and the Class were entitled to receive all

28  wages earned, twice a month as required by Labor Code section 204.

29. Defendants knew or should have known that Plaintiffs and the Class were entitled to receive accurate wage statements detailing how their commissions were computed, twice a month, as required by Labor Code sections 204 and 226.

30. Defendants knew or should have known that Plaintiffs and the Class were entitled to timely payment of all wages earned upon termination. Plaintiffs and the Class did not receive payment of all wages, including but not limited to, commissions earned and unpaid within permissible time periods, in violation of the Labor Code.

31. Defendants had the financial ability to pay all compensation due under the Labor Code and all applicable Wage Orders during the class period, but knowingly and intentionally failed to do so, and falsely represented to Plaintiffs and the Class that they were fully compensated, in an effort to boost Defendants' profits.

## FIRST CAUSE OF ACTION

### Violation of Labor Code §204 – Unpaid Wages

### (Against All Defendants)

32. Plaintiffs reallege and incorporate the allegations of all preceding paragraphs as though fully set forth herein.

33. Labor Code section 204 provides that the minimum wage for employees fixed by the Industrial Welfare Commission is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

34. During the relevant class period, Plaintiffs and the Class worked off-the-clock in order to complete their assigned work. Plaintiffs and the Class were specifically instructed either to begin work before clocking in, or to clock out each evening at the end of their scheduled shift, irrespective of whether the necessary tasks had been completed. Plaintiffs and the Class were not able to complete necessary tasks within the time scheduled for their shifts, yet these tasks were required both by Defendants and by applicable health and safety regulations. Plaintiffs and the Class, therefore, regularly and customarily worked off-the-clock each week, and therefore were not paid the minimum wages required by the Labor Code.

1    35. Defendants were aware that Plaintiffs and the Class worked outside and/or beyond their

2    scheduled shift to complete their necessary and required tasks.

3    36. Defendants regularly failed to pay Plaintiffs and the Class at least minimum wages for this work

4    as required by Labor Code sections 1194, 1197, and 1197.1.

5    37. Based on Defendants' violation of Labor Code sections 1194, 1197, and 1197.1, Plaintiffs and

6    the Class are entitled to recover the unpaid balance of their minimum wage compensation together with

7    interest, costs, and attorneys' fees.

8    38. Under Labor Code section 1194.2, Plaintiffs and the Class are entitled to recover liquidated

9    damages in an amount equal to the wages unlawfully unpaid, together with interest thereon.

10                                   **SECOND CAUSE OF ACTION**

11      **Violation of Labor Code §§ 201 and 202 -- Wages Not Timely Paid Upon Termination**

12                             **(Against All Defendants)**

13    39. Plaintiffs reallege and incorporate the allegations of all preceding paragraphs as though fully set

14    forth herein.

15    40. Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages

16    earned and unpaid at the time of discharge are due and payable immediately, and that if an employee

17    voluntarily leaves his or her employment, his or her wages shall become due and payable not later than

18    seventy-two hours thereafter, unless the employee has given seventy-two hours' previous notice of his

19    or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

20    41. During the class period, Defendants willfully failed to pay Plaintiffs and the Class who are no

21    longer employed by Defendants all their earned wages, including but not limited to, minimum wages

22    and overtime wages, within the time prescribed by Labor Code sections 201 and 202.

23    42. Labor Code section 203 provides that if an employer willfully fails to pay wages owed pursuant

24    to sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date,

25    and at the same rate until paid or until an action is commenced; the penalty not to exceed thirty days.

26    43. Plaintiffs and the Class are entitled to recover from Defendants the statutory penalty under Labor

27    Code section 203.

28

**THIRD CAUSE OF ACTION**

Violation of Business & Professions Code §§ 17200, *et seq.*

(Against All Defendants)

44. Plaintiffs reallege and incorporate the allegations of all preceding paragraphs as though fully set forth herein.

45. Defendants' conduct has been, and continues to be, unfair, unlawful, and harmful to Plaintiffs, the Class, and the general public. Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Civil Procedure section 1021.5.

46. Defendants' activities are violations of California law, and constitute unlawful business acts and practices in violation of Business and Professions Code sections 17200, *et seq.*

47. A violation of Business & Professions Code sections 17200, *et seq.*, may be predicated on the violation of any state or federal law. As herein alleged, Defendants' policies and practices have violated state law in at least the following respects:

(a) Failing to pay Plaintiffs and the Class at least minimum wage, and/or their regular wages, in violation of Labor Code sections 1194, 1197, and 1197.1, and applicable Industrial Welfare Commission orders;

(b) Failing to pay Plaintiffs and the Class overtime wages in violation of Labor Code section 204, and applicable Industrial Welfare Commission orders; and

(c) Failing to timely pay all earned wages to Plaintiffs and the Class in violation of Labor Code sections 201, 202, 203, and 204, and applicable Industrial Welfare Commissions orders.

48. Labor Code section 204 requires that all wages earned by any person in any employment between the first and the fifteenth days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the sixteenth and the twenty-sixth day of the month during which the labor was performed, and that all wages earned by any person in any employment between the sixteenth and the last day, inclusive, of any calendar month, other than those wages due upon termination of any employee, are due and payable between the first and the tenth day of the following month. Labor Code section 204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period. During

8
Complaint

1   the class period, Defendants failed to pay Plaintiffs and the Class all wages due to them within any time

2   period specified by Labor Code section 204, including but not limited to, unpaid minimum wages, and

3   missed meal and rest period premiums.

4      49. Under Business and Professions Code sections 17200, *et seq.*, Plaintiffs and the Class are entitled

5   to restitution of the wages withheld and retained by Defendants during a period that commences four

6   years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all

7   outstanding wages due to Plaintiffs and the Class; an award of attorneys' fees pursuant to Code of Civil

8   Procedure section 1021.5 and other applicable laws; and an award of costs.

9

10                          **REQUEST AND PRAYER FOR RELIEF**

11      WHEREFORE, Representative Plaintiffs, on behalf of themselves and the Class, prays for

12   judgment and the following specific relief against Defendants CVS Caremark Corporation, CVS

13   Pharmacy, Inc., CVS/Pharmacy, and Does 1 through 100, jointly and severally, as follows:

14         1.      That this class be certified as a class action;

15         2.      That plaintiffs HOWARD, WOODEN, and ALEXANDER be representatives of the

16   Class; and

17         3.      That counsel for Plaintiffs be appointed as class counsel;

18                          As to the First Cause of Action:

19         4.      That the Court declare, adjudge and decree that Defendants violated Labor Code sections

20   1194, 1997, and 1197.1, by willfully to pay minimum and overtime wages to Plaintiffs and the Class;

21         5.      For general unpaid wages and such general and special damages as may be appropriate;

22         6.      For pre-judgment interest on any unpaid compensation from the date such amounts were

23   due;

24         7.      For reasonable attorneys' fees and for costs of suit incurred herein under Labor Code

25   section 1194(a);

26         8.      For liquidated damages under Labor Code section 1194.2; and

27         9.      For such other and further relief as the Court may deem equitable and appropriate.

28

As to the Second Cause of Action:

10.     That the Court declare, adjudge, and decree that Defendants violated Labor Code sections 201, 202, and 203 by willfully failing to pay Plaintiffs and the Class who are no longer employed by Defendants, all their earned wages, including unpaid minimum and overtime wages, either at the time of discharge, or within seventy-two hours of their leaving Defendants' employ.

11.     For all actual, consequential and incidental losses and damages, according to proof;

12.     For waiting time penalties according to proof, under Labor Code section 203, for all class members who have left Defendants' employ;

13.     For pre-judgment interest on any unpaid wages from the date such amounts were due; and

14.     For such other and further relief as the Court may deem equitable and appropriate.

As to the Third Cause of Action:

15.     That the Court declare, adjudge, and decree that Defendants violated Business and Professions Code sections 17200, *et seq.*, by failing to provide Plaintiffs and the Class all minimum and overtime wages due to them, failing to provide compliant wage statements, and failing to timely pay all earned wages upon termination and during employment;

16.     For restitution of unpaid wages to Plaintiffs and the Class, and pre-judgment interest from the day such amounts were due and payable;

17.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of Business and Professions Code sections 17200, *et seq.*;

18.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to Code of Civil Procedure section 1021.5;

19.     For injunctive relief to ensure compliance with this section, under Business and Professions Code sections 17200, *et seq.*; and

20.     For such other and further relief as the Court may deem equitable and appropriate.

10
Complaint

**JURY DEMAND**

Representative Plaintiffs and the Plaintiff Class hereby demand trial by jury on all issues triable of right by jury.

Dated: March 13, 2013

THE MARKHAM LAW FIRM

By:

David R. Markham
Janine Menhennet
*Attorneys for Plaintiff*

11
Complaint

# EXHIBIT C

CM-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number and address)*:<br>David R. Markham, SBN 071814/ Janine Menhennet, SBN 163501<br>THE MARKHAM LAW FIRM<br>750 B Street, Suite 1950<br>San Diego, CA 92101<br>TELEPHONE NO.: (619) 399-3995   FAX NO. *(Optional)*: (619) 615-2067<br>E-MAIL ADDRESS *(Optional)*: drmarkham@markham-law.com<br>ATTORNEY FOR *(Name)*: Susan Howard, Roselyn Wooden and Isabel Alexander | **CONFORMED COPY**<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>MAR 1 4 2013<br><br>John A. Clarke, Executive Officer/Clerk<br>By Amber Hayes, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse, Central District

| | |
|---|---|
| PLAINTIFF/PETITIONER: HOWARD et al. | CASE NUMBER:<br>**B C 5 0 2 8 9 9** |
| DEFENDANT/RESPONDENT: CVS CAREMARK CORPORATION et al. | JUDICIAL OFFICER: |
| **NOTICE OF RELATED CASE** | DEPT.: |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a. Title: Murphy v CVS Caremark Corp.
   b. Case number: BC464785
   c. Court: [✓] same as above
              [ ] other state or federal court *(name and address)*:
   d. Department: 17
   e. Case type: [ ] limited civil  [✓] unlimited civil  [ ] probate  [ ] family law  [ ] other *(specify)*:
   f. Filing date: 12-12-11
   g. Has this case been designated or determined as "complex?"  [✓] Yes  [ ] No
   h. Relationship of this case to the case referenced above *(check all that apply)*:

   [✓] involves the same parties and is based on the same or similar claims.

   [ ] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

   [ ] involves claims against, title to, possession of, or damages to the same property.

   [ ] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

   [ ] Additional explanation is attached in attachment 1h

   i. Status of case:
   [✓] pending
   [ ] dismissed  [ ] with  [ ] without prejudice
   [ ] disposed of by judgment

2. a. Title:
   b. Case number:
   c. Court: [ ] same as above
              [ ] other state or federal court *(name and address)*:
   d. Department:

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
CM-015 [Rev. July 1, 2007]

**NOTICE OF RELATED CASE**

Cal. Rules of Court, rule 3.300
www.courtinfo.ca.gov

CM-015

| PLAINTIFF/PETITIONER:  HOWARD et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  CVS CAREMARK CORPORATION et al. | |

2.  *(continued)*

e.  Case type: ☐ limited civil   ☐ unlimited civil   ☐ probate   ☐ family law   ☐ other *(specify)*:

f.  Filing date:

g.  Has this case been designated or determined as "complex?"   ☐ Yes   ☐ No

h.  Relationship of this case to the case referenced above *(check all that apply)*:

☐ Involves the same parties and is based on the same or similar claims.

☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

☐ involves claims against, title to, possession of, or damages to the same property.

☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

☐ Additional explanation is attached in attachment 2h

i.  Status of case:

☐ pending

☐ dismissed   ☐ with   ☐ without prejudice

☐ disposed of by judgment

3.  a.  Title:

b.  Case number:

c.  Court:  ☐ same as above

☐ other state or federal court *(name and address)*:

d.  Department:

e.  Case type: ☐ limited civil   ☐ unlimited civil   ☐ probate   ☐ family law   ☐ other *(specify)*:

f.  Filing date:

g.  Has this case been designated or determined as "complex?"   ☐ Yes   ☐ No

h.  Relationship of this case to the case referenced above *(check all that apply)*:

☐ Involves the same parties and is based on the same or similar claims.

☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

☐ involves claims against, title to, possession of, or damages to the same property.

☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

☐ Additional explanation is attached in attachment 3h

i.  Status of case:

☐ pending

☐ dismissed   ☐ with   ☐ without prejudice

☐ disposed of by judgment

4.  ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: March 13, 2013

David R. Markham / Janine Menhennet

(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)                 (SIGNATURE OF PARTY OR ATTORNEY)

CM-015 [Rev. July 1, 2007]                 **NOTICE OF RELATED CASE**                 Page 2 of 3

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES
Case Number _____

BC502899

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

| ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge Lee Smalley Edmon | 322 | 1702 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| Judge Kenneth Freeman | 310 | 1412 |
| Judge Jane Johnson | 308 | 1415 |
| Judge Anthony J. Mohr | 309 | 1409 |
| Judge William F. Highberger | 307 | 1402 |

**Instructions for handling Class Action Civil Cases**

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

**APPLICATION**
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____      JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

# EXHIBIT D

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

APR 0 9 2013

John A. Clarke, Executive Officer/Clerk
By: E. Sabelburo, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL DISTRICT

| | |
|---|---|
| SUSAN HOWARD, et al., | Case No.: BC502899 |
| Plaintiff(s), | INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM) |
| vs. | Case Assigned for All Purposes to Judge Kenneth R. Freeman |
| CVS CAREMARK CORPORATION, et al., | |
| Defendant(s). | Department: 310<br>Date:      May 30, 2013<br>Time:      11:00 a.m. |

This case has been assigned for all purposes to Judge Kenneth R. Freeman in the Complex Litigation Program. An Initial Status Conference is set for May 30, 2013 at 11:00 a.m. in Department 310, located in the Central Civil West Courthouse at 600 South Commonwealth Avenue, Los Angeles, California 90005. Counsel for all parties are ordered to attend.

The Court orders counsel to prepare for the Initial Status Conference by identifying and discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as much as possible, on a case management plan. To this end, counsel must file a Joint

INITIAL STATUS CONFERENCE ORDER (CLASS ACTION)

Initial Status Conference Class Action Response Statement five court days before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not use the use the Judicial Council Form CM-110 (Case Management Statement).

     **1. PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

     **2. POTENTIAL ADDITIONAL PARTIES:** Indicate whether any plaintiff presently intends to add additional class representatives, and, if so, the name(s) and date by which these class representatives will be added. Indicate whether any plaintiff presently intends to name additional defendants, and, if so, the name(s) and date by which the defendant(s) will be added. Indicate whether any appearing defendant presently intends to file a cross-complaint and, if so, the names of cross-defendants and the date by which the cross-complaint will be filed.

     **3. IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain why the named defendant is improperly named and the proposed procedure to correct this error.

     **4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, including reasons of conflict of interest as described in Apple Computer v. The Superior Court of Los Angeles County (2005) 126 Cal.App.4th 1253, please explain. No prejudice will attach to these responses.

     **5. ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

     **6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the

-2-

INITIAL STATUS CONFERENCE ORDER(CLASS ACTION)

docket number, and the case status.

   **7.  POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:**  Please state whether arbitration is an issue in this case and attach a sample of any relevant clause of this sort.  Opposing parties must summarize their views on this issue.

   **8.  POTENTIAL EARLY CRUCIAL MOTIONS:**  Opposing counsel should identify and describe the significant core issues in the case, and then identify efficient ways to resolve those issues, including one or more of the following:

   ■  Motion to Compel Arbitration,

   ■  Early motions in limine,

   ■  Early motions about particular jury instructions and verdict forms,

   ■  Demurrers,

   ■  Motions to strike,

   ■  Motions for judgment on the pleadings, and

   ■  Motions for summary judgment and summary adjudication.

   **NOTE: Effective 2012, by stipulation a party may move for summary adjudication of a legal issue or a claim for damages that does not completely dispose of a cause of action, an affirmative defense, or an issue of duty[1]. Counsel are to analyze, discuss, and report on the relevance of this powerful new procedure.**

   **9.  CLASS CONTACT INFORMATION:**  Counsel should discuss whether obtaining class contact information from defendant's records is necessary in this case and, if so, whether the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v.*

---

[1] See Code Civ. Proc. § 437c, subd. (s)

INITIAL STATUS CONFERENCE ORDER(CLASS ACTION)

*Superior Court* (2007) 149 Cal.App.4[th] 554, 561). Counsel should address timing and procedure, including allocation of cost and the necessity of a third party administrator.

**10. PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**11. DISCOVERY:** Please discuss a discovery plan. If the parties cannot agree on a plan, summarize each side's views on discovery. The Court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits. The Court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) at the initial stage unless a persuasive showing establishes early need. If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[2].

**12. INSURANCE COVERAGE:** Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**13. ALTERNATIVE DISPUTE RESOLUTION:** Please discuss ADR and state each party's position about it. If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**14. TIMELINE FOR CASE MANAGEMENT:** Please recommend dates and times for the following:

- ■ The next status conference,
- ■ A schedule for alternative dispute resolution, if it is relevant,

---

[2] See California Rule of Court, Rule 3.768.

-4-

■ A filing deadline for the motion for class certification, and

■ Filing deadlines and descriptions for other anticipated non-discovery motions.

**15. ELECTRONIC SERVICE OF PAPERS:** For efficiency, the complex program requires the parties in every new case to use a third-party cloud service, such as:

■ Case Anywhere (www.caseanywhere.com),

■ CaseHomePage (www.casehomepage.com), or

■ File & Serve Express (www.lexisnexis.com/fileandserve).

Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement. If there is agreement, please identify the vendor. If parties cannot agree, the Court will select the vendor at the Initial Status Conference. Electronic service is not the same as electronic filing. Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

**Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:** "A dismissal of an entire class action, or of any party or cause of action in a class action, requires court approval. . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[3] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

**Reminder When Seeking Approval of a Settlement:** Plaintiff(s) must address the issue of any fee splitting agreement in their motion for preliminary approval and demonstrate compliance with California Rule of Court 3.769, and the Rules of Professional Conduct 2-200(a)

---

[3] California Rule of Court, Rule 3,770(a)

INITIAL STATUS CONFERENCE ORDER(CLASS ACTION)

as required by Mark v. Spencer (2008) 166 Cal.App. 4th 219.

Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, *these proceedings are stayed in their entirety*. This stay precludes the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court; however, any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance is without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this "complex" case through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in the orderly management of these cases. This stay does not preclude the parties from informally exchanging documents that may assist in their initial evaluation of the issues presented in this case, however it stays all outstanding discovery requests.

Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order, along with a copy of the Guidelines for Motions for Preliminary and Final Approval of Class Settlement which can be found at the Los Angeles Superior Court's website under "Tools for Litigators" for class action cases only, on counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of service of this order. If any defendant has not been served in this action, service is to be completed within twenty (20) days of the date of this order.

Dated: April 9, 2013

KENNETH R. FREEMAN

_____
Judge Kenneth R. Freeman

-6-

INITIAL STATUS CONFERENCE ORDER(CLASS ACTION)

# EXHIBIT E

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 04/09/13                                                    DEPT. 310

HONORABLE  KENNETH R. FREEMAN        JUDGE   E. SABALBURO        DEPUTY CLERK

HONORABLE                    JUDGE PRO TEM                  ELECTRONIC RECORDING MONITOR
#6
            T. TENNYSON, C.A.    Deputy Sheriff   NONE              Reporter

| 10:30 am | BC502899 | | Plaintiff Counsel | |
| | SUSAN HOWARD ET AL VS CVS CAREMARK CORPORATION ET AL | | Defendant Counsel | |
| | Complex 4/9/13 | | NO APPEARANCES | |

**NATURE OF PROCEEDINGS:**

COURT ORDER REGARDING NEWLY FILED CLASS ACTION

By this order, the Court determines this case to be
Complex according to Rule 3.400 of the California
Rules of Court. The Clerk's Office has randomly
assigned this case to this department for all
purposes.

By this order, the Court stays the case, except for
service of the Summons and Complaint. The stay
continues at least until the Initial Status
Conference. Initial Status Conference is set for
May 30, 2013, at 11:00 a.m., in this department. At
least 10 days prior to the Initial Status
Conference, counsel for all parties must discuss the
issues set forth in the Initial Status Conference
Order issued this date. The Initial Status
Conference Order is to help the Court and the
parties manage this complex case by developing an
orderly schedule for briefing, discovery, and court
hearings. The parties are informally encouraged to
exchange documents and information as may be useful
for case evaluation. The Court requests that parties
file original and one courtesy copy of the Joint
Initial Status Conference Class Action Response
Statement in Department 310.

Responsive pleadings shall not be filed until
further Order of the Court. Parties must file a
Notice of Appearance in lieu of an Answer or other

Page   1 of   3    DEPT. 310

MINUTES ENTERED
04/09/13
COUNTY CLERK

APR 1 7 2013

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 04/09/13 | DEPT. 310 |
| HONORABLE KENNETH R. FREEMAN   JUDGE | E. SABALBURO   DEPUTY CLERK |
| HONORABLE   JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| #6   T. TENNYSON, C.A.   Deputy Sheriff | NONE   Reporter |

| | | |
|---|---|---|
| 10:30 am | BC502899 | Plaintiff Counsel |
| | SUSAN HOWARD ET AL VS CVS CAREMARK CORPORATION ET AL | Defendant Counsel |
| | Complex 4/9/13 | NO APPEARANCES |

**NATURE OF PROCEEDINGS:**

responsive pleading. The filing of a Notice of
Appearance shall not constitute a waiver of any
substantive or procedural challenge to the
Complaint. Nothing in this order stays the time for
filing an Affidavit of Prejudice pursuant to Code of
Civil Procedure Section 170.6.

According to Government Code Sections 70616(a) and
70616(b), each party shall pay a fee of $1,000.00 to
the Los Angeles Superior Court within 10 calendar
days from this date.

The plaintiff must serve a copy of this minute order
on all parties forthwith and file a Proof of Service
in this department within seven days of service.

CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served a copy of this Minute Order and the
Initial Status Conference Order
upon each party or counsel named below by placing
the document for collection and mailing so as to
cause it to be deposited in the United States mail
at the courthouse in Los Angeles,
California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,

Page   2 of   3   DEPT. 310

MINUTES ENTERED
04/09/13
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 04/09/13                                                    DEPT. 310

HONORABLE KENNETH R. FREEMAN        JUDGE   E. SABALBURO        DEPUTY CLERK

HONORABLE                    JUDGE PRO TEM        ELECTRONIC RECORDING MONITOR
#6
          T. TENNYSON, C.A.        Deputy Sheriff   NONE                Reporter

| 10:30 am | BC502899 | Plaintiff Counsel | |
| | SUSAN HOWARD ET AL | | |
| | VS | Defendant | |
| | CVS CAREMARK CORPORATION ET AL | Counsel | |
| | Complex 4/9/13 | NO APPEARANCES | |

NATURE OF PROCEEDINGS:

in accordance with standard court practices.


Dated: April 9, 2013

John A. Clarke, Executive Officer/Clerk


By: _____
          E. Sabalburo



David R. Markham
THE MARKHAM LAW FIRM
750 B Street, Suite 1950
San Diego, CA 92101



Page   3 of   3   DEPT. 310

MINUTES ENTERED
04/09/13
COUNTY CLERK


APR 17 2013

# EXHIBIT F

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| David R. Markham (SBN071814); Janine Menhennet (SBN 163501)<br>THE MARKHAM LAW FIRM<br>750 B Street, Suite 1950<br>San Diego, CA 92101<br>TELEPHONE NO.: (619) 399-3995   FAX NO. *(Optional):* (619) 615-2067<br>E-MAIL ADDRESS *(Optional):* dmarkham@markham-law.com<br>ATTORNEY FOR *(Name):* Susan Howard, Roselyn Wooden and Isabel Alexander | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>MAY 10 2013<br><br>John A. Clarke, Executive Officer/Clerk<br>BY_____ Deputy<br>Gloria Madsen |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

| PLAINTIFF/PETITIONER: KIMBERLY MURPHY | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: CVS CAREMARK CORP. et al. | BC464785 |

| NOTICE OF RELATED CASE | JUDICIAL OFFICER: |
|---|---|
| | DEPT.: 17 |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a. Title: Howard et al. v. CVS Caremark Corp. et al.

   b. Case number: BC502899

   c. Court: [✓] same as above
      [ ] other state or federal court *(name and address):*

   d. Department: 310

   e. Case type: [ ] limited civil [✓] unlimited civil [ ] probate [ ] family law [ ] other *(specify):*

   f. Filing date: 3/14/2013

   g. Has this case been designated or determined as "complex?" [✓] Yes [ ] No

   h. Relationship of this case to the case referenced above *(check all that apply):*

      [✓] involves the same parties and is based on the same or similar claims.

      [✓] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      [ ] involves claims against, title to, possession of, or damages to the same property.

      [ ] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

      [ ] Additional explanation is attached in attachment 1h

   i. Status of case:
      [✓] pending
      [ ] dismissed [ ] with [ ] without prejudice
      [ ] disposed of by judgment

2. a. Title:

   b. Case number:

   c. Court: [ ] same as above
      [ ] other state or federal court *(name and address):*

   d. Department:

Page 1 of 3

CM-015

| PLAINTIFF/PETITIONER: KIMBERLY MURPHY | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CVS CAREMARK CORP. et al. | BC464785 |

2. *(continued)*

  e. Case type: ☐ limited civil   ☐ unlimited civil   ☐ probate   ☐ family law   ☐ other *(specify):*

  f. Filing date:

  g. Has this case been designated or determined as "complex?"   ☐ Yes   ☐ No

  h. Relationship of this case to the case referenced above *(check all that apply):*

    ☐ involves the same parties and is based on the same or similar claims.

    ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

    ☐ involves claims against, title to, possession of, or damages to the same property.

    ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

      ☐ Additional explanation is attached in attachment 2h

  i. Status of case:

    ☐ pending

    ☐ dismissed   ☐ with   ☐ without prejudice

    ☐ disposed of by judgment

3. a. Title:

  b. Case number:

  c. Court:   ☐ same as above

    ☐ other state or federal court *(name and address):*

  d. Department:

  e. Case type:   ☐ limited civil   ☐ unlimited civil   ☐ probate   ☐ family law   ☐ other *(specify):*

  f. Filing date:

  g. Has this case been designated or determined as "complex?"   ☐ Yes   ☐ No

  h. Relationship of this case to the case referenced above *(check all that apply):*

    ☐ involves the same parties and is based on the same or similar claims.

    ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

    ☐ involves claims against, title to, possession of, or damages to the same property.

    ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

      ☐ Additional explanation is attached in attachment 3h

  i. Status of case:

    ☐ pending

    ☐ dismissed   ☐ with   ☐ without prejudice

    ☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: May 9, 2013

Janine Menhennet
    (TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶ _____
    (SIGNATURE OF PARTY OR ATTORNEY)

CM-015 [Rev. July 1, 2007]   **NOTICE OF RELATED CASE**   Page 2 of 3

CM-015

| PLAINTIFF/PETITIONER: KIMBERLY MURPHY | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CVS CAREMARK CORP. et al. | BC464785 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1. I am at least 18 years old and not a party to this action. I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify)*:

    750 B Street, Suite 1950
    San Diego, CA 92101

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one)*:

    a. ☐ deposited the sealed envelope with the United States Postal Service.

    b. ☑ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:

    a. on *(date)*: 5/9/2013

    b. from *(city and state)*: San Diego, CA 92101

4. The envelope was addressed and mailed as follows:

    a. Name of person served:
       Theresa M Taber, Esq.
       Street address: 128 N. Fair Oaks Ave; #204
       City: Pasadena
       State and zip code: CA 91103

    b. Name of person served:
       Marisa L. Dye, Esq.
       Street address: 555 West Fifth Street
       City: Los Angeles
       State and zip code: CA 90013

    c. Name of person served:
       Walter Haines, Esq.
       Street address: 5500 Bolsa Avenue, Suite 201
       City: Huntington Beach
       State and zip code: CA 92649

    d. Name of person served:
       Street address:
       City:
       State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: May 9, 2013

Carolyn Mills
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

CM-015 [Rev. July 1, 2007]

**NOTICE OF RELATED CASE**

Page 5 of 5

# EXHIBIT G

1   David R. Markham  CA Bar #071814
    *dmarkham@markham-law.com*
2   Peggy Reali  CA Bar #153102
    *preali@markham-law.com*
3   Janine Menhennet  CA Bar #163501
    *jmenhennet@markham-law.com*
4   Maggie Realin  CA Bar #263639
    *mrealin@markham-law.com*
5   **THE MARKHAM LAW FIRM**
    750 B Street, Suite 1950
6   San Diego, CA  92101
    (619)399-3995
7

8   Walter Haines, CA Bar #71075
    *walter@whaines.com*
9   **UNITED EMPLOYEES LAW GROUP**
    5500 Bolsa Avenue, Suite 201
10  Huntington Beach, CA 92649
    (310) 234-5678

11  Attorneys for Representative Plaintiffs
   and the Plaintiff Classes

12

13

**ORIGINAL FILED**

MAY 1 0 2013

**LOS ANGELES
SUPERIOR COURT**

*VIA FAX*

14       **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

15           **FOR THE COUNTY OF LOS ANGELES**

16

| | |
|---|---|
| 17  SUSAN HOWARD, an individual, ROSELYN | Case No. BC 502899 |
| 18  WOODEN, an individual, ISABEL | **CLASS ACTION** |
|      ALEXANDER, an individual, on behalf of | |
| 19  themselves and all others similarly situated, | **FIRST AMENDED COMPLAINT** |
| 20           Plaintiffs, | (1) Violation of California Labor Code |
| 21  v. |     section 204; |
| | (2) Violation of California Labor Code |
| 22  CVS CAREMARK CORPORATION, a Delaware |     section 226; and |
|     Corporation; CVS PHARMACY, a Rhode Island | (3) Violation of California Business and |
| 23  Corporation; CVS/PHARMACY, a business |     Professions Code §§ 17200, *et seq.* |
| 24  organization, form unknown; and DOES 1 through | (4) Penalties Pursuant to Cal. Lab. Code |
|     25, inclusive, |     section 2698, *et seq.* (PAGA) |
| 25 | |
| 26          Defendants. | **DEMAND FOR JURY TRIAL** |
| 27 | |

28

**RECEIVED**

MAY 1 0 2013

BY: LUIS BARAHONA

Representative Plaintiffs, individually and on behalf of all other members of the class similarly situated, allege as follows:

### JURISDICTION AND VENUE

1. This class action is brought pursuant to Code of Civil Procedure section 382. The monetary damages and restitution sought by Plaintiffs exceed the minimal jurisdiction limits of the Superior Court, in an amount to be proved at time of trial.

2. This Court has jurisdiction of this action under California Constitution, Article VI, section 10.

3. This Court has jurisdiction over Defendants because Defendants conduct business in California and are licensed to do business in California.

4. Venue is proper in this Court because Defendants committed the acts complained of herein in Los Angeles County, as well as in other locations throughout the State of California.

### PARTIES

5. Plaintiff SUSAN HOWARD is a resident of Stanislaus County, California.

6. Plaintiff ROSELYN WOODEN is a resident of Solano County, California.

7. Plaintiff ISABEL ALEXANDER is a resident of Los Angeles County, California.

8. Defendant CVS CAREMARK CORPORATION is a Delaware corporation doing business in California, and was and is an employer whose employees are employed throughout the State of California and numerous other states throughout the nation.

9. Defendant CVS PHARMACY, INC. is a Rhode Island corporation doing business in California, and was and is an employer whose employees are employed throughout the State of California and numerous other states throughout the nation.

10. Defendant CVS/PHARMACY is a business organization, form unknown, doing business in California, and was and is an employer whose employees are employed throughout the State of California and numerous other states throughout the nation.

11. Defendants Does 1 through 100, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiffs. When the true names and capacities are ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities herein. Plaintiffs are informed and believe and thereon allege that each of the fictitiously-named Defendants are responsible

1   in some manner for the occurrences herein alleged, and that Plaintiffs' damages as herein alleged were

2   proximately caused by those Defendants. Each reference in this complaint to Defendant or Defendants,

3   refers also to all Defendants sued under fictitious names.

## CLASS ACTION ALLEGATIONS

5   12. Plaintiffs bring this action on their own behalf, as well as on behalf of each and all other persons

6   similarly situated, and therefore seek class certification under Code of Civil Procedure section 382.

7   13. All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by

8   California law.

9   14. Plaintiffs' proposed class consists of and is defined as follows:

> All persons who worked for Defendants in California within four years prior to the filing
> of this complaint until the date of certification, as hourly, non-exempt employees who
> worked as a pharmacist, pharmacy technician or pharmacy aide ("Class") and who
> worked more than 40 hours in a week or 8 hours in a day.

15. Plaintiffs reserve the right to redefine the above Class and to establish subclasses as appropriate,

based on discovery and specific theories of liability.

16. Plaintiffs allege that class members were denied regular and overtime wages. Defendants did not

staff their stores adequately and forced class members to work off the clock.

17. The wrongful acts or omissions were and are a uniform practice that affected all putative class

members equally. Defendants, by their practices and policies, have violated the rights of its employees

under the California Labor Code, and the Unfair Competition Law. The questions raised are therefore of

common or general interest to the class members, and they have a well-defined community of interest in

the questions of law and fact raised in this action. The only recognizable difference between class

members will be the amounts owed to each individual member.

18. There are common questions of law and fact as to the Class that predominate over questions

affecting only individual members, including, but not limited to:

(a) Whether Defendants failed to timely pay all wages due to Plaintiffs and the Class when
    earned, under Labor Code section 204;

(b) Whether Defendants failed to properly itemize the Plaintiffs' and the Class' wage statements
    during their employment;

3
First Amended Complaint

(c) Whether Defendants engaged in unfair business practices in violation of Business & Professions Code sections 17200, *et seq.*; and

(d) The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of law.

19. There is a well-defined community of interest in the litigation and the Class is readily ascertainable.

(a) <u>Numerosity:</u> The members of the class are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire class is unknown to Plaintiffs at this time; however, the class is estimated to be greater than one hundred individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

(b) <u>Typicality:</u> Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each class members with whom they have a well-defined community of interest, and Plaintiffs' claims (and/or defenses, if applicable) are typical of all class members as demonstrated herein;

(c) <u>Adequacy:</u> Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each class member with whom they have a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiffs' attorneys, proposed class counsel, are well-versed in class action procedure. Plaintiffs have incurred, and will continue to incur costs and attorneys' fees which have been, and will necessarily be expended for the pursuit of this action, for the substantial benefit of each class member.

(d) <u>Superiority:</u> The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort and expense as compared to separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

(e) <u>Public Policy Considerations:</u> Employers in California violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are often fearful of bringing actions because they

1  believe their former employers might damage their future endeavors through negative

2  references and/or other means.  Class actions provide the class members who are not named

3  in the complaint with anonymity which allows for the vindication of their rights while

4  simultaneously protecting their privacy.

5  <u>GENERAL ALLEGATIONS</u>

6  20. Defendants employed plaintiff HOWARD in a non-exempt, hourly-paid position as a pharmacist

7  from approximately 2008-2012, at its Riverbank store, in Riverbank, California.

8  21. Defendants employed plaintiff WOODEN in a non-exempt, hourly-paid position as a pharmacy

9  aide from approximately May, 2002 through December, 2012, at its Napa store on Trancas Street.

10  22. Defendants have employed plaintiff ALEXANDER in a non-exempt, hourly-paid position as a

11  pharmacy technician since approximately 2007, in its Lancaster store.

12  23. Defendants continue to employ non-exempt, hourly-paid employees working in the pharmacy,

13  within California and throughout the United States.

14  24. Plaintiffs are informed and believe and thereon allege that Defendants' employees working in the

15  pharmacy were not paid for all wages earned, due to a combination of being asked to work off-the-

16  clock, being understaffed, and being told that overtime would no longer be approved.

17  25. State and federal statutes and regulations require that certain prescriptions be filled in a time-

18  sensitive manner due to the nature of the medication or illness.  The pharmacy department has no

19  discretion as to when to fill certain prescriptions.

20  26. Despite these laws requiring the mandatory filling of certain prescriptions, Defendants refused to

21  approve overtime for their employees working in the pharmacy, whose job it is to fill these prescriptions

22  in a timely manner.  Plaintiffs and the Class therefore worked off-the-clock to comply with the laws,

23  despite Defendants' instructions that overtime would no longer be approved for hourly employees.

24  27. Defendants routinely denied Plaintiffs and the Class regular and overtime wages to employees

25  working more than eight hours per day and more than forty hours per week.  In addition, Defendants

26  routinely failed to timely pay employees' due wages.

27  28. Defendants knew or should have known that Plaintiffs and the Class were entitled to receive all

28  wages earned, twice a month as required by Labor Code section 204.

29. Defendants knew or should have known that Plaintiffs and the Class were entitled to receive accurate wage statements detailing how their commissions were computed, twice a month, as required by Labor Code sections 204 and 226.

30. Defendants knew or should have known that Plaintiffs and the Class were entitled to timely payment of all wages earned upon termination. Plaintiffs and the Class did not receive payment of all wages, including but not limited to, commissions earned and unpaid within permissible time periods, in violation of the Labor Code.

31. Defendants had the financial ability to pay all compensation due under the Labor Code and all applicable Wage Orders during the class period, but knowingly and intentionally failed to do so, and falsely represented to Plaintiffs and the Class that they were fully compensated, in an effort to boost Defendants' profits.

## FIRST CAUSE OF ACTION

### Violation of Labor Code §204 – Unpaid Wages

### (Against All Defendants)

32. Plaintiffs reallege and incorporate the allegations of all preceding paragraphs as though fully set forth herein.

33. Labor Code section 204 provides that the minimum wage for employees fixed by the Industrial Welfare Commission is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

34. During the relevant class period, Plaintiffs and the Class worked off-the-clock in order to complete their assigned work. Plaintiffs and the Class were specifically instructed either to begin work before clocking in, or to clock out each evening at the end of their scheduled shift, irrespective of whether the necessary tasks had been completed. Plaintiffs and the Class were not able to complete necessary tasks within the time scheduled for their shifts, yet these tasks were required both by Defendants and by applicable health and safety regulations. Plaintiffs and the Class, therefore, regularly and customarily worked off-the-clock each week, and therefore were not paid the minimum wages required by the Labor Code.

35. Defendants were aware that Plaintiffs and the Class worked outside and/or beyond their scheduled shift to complete their necessary and required tasks.

36. Defendants regularly failed to pay Plaintiffs and the Class at least minimum wages for this work as required by Labor Code sections 1194, 1197, and 1197.1.

37. Based on Defendants' violation of Labor Code sections 1194, 1197, and 1197.1, Plaintiffs and the Class are entitled to recover the unpaid balance of their minimum wage compensation together with interest, costs, and attorneys' fees.

38. Under Labor Code section 1194.2, Plaintiffs and the Class are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid, together with interest thereon.

## SECOND CAUSE OF ACTION

### Violation of Labor Code §§ 201 and 202 – Wages Not Timely Paid Upon Termination

### (Against All Defendants)

39. Plaintiffs reallege and incorporate the allegations of all preceding paragraphs as though fully set forth herein.

40. Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two hours thereafter, unless the employee has given seventy-two hours' previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

41. During the class period, Defendants willfully failed to pay Plaintiffs and the Class who are no longer employed by Defendants all their earned wages, including but not limited to, minimum wages and overtime wages, within the time prescribed by Labor Code sections 201 and 202.

42. Labor Code section 203 provides that if an employer willfully fails to pay wages owed pursuant to sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; the penalty not to exceed thirty days.

43. Plaintiffs and the Class are entitled to recover from Defendants the statutory penalty under Labor Code section 203.

### THIRD CAUSE OF ACTION

Violation of Business & Professions Code §§ 17200, *et seq.*

(Against All Defendants)

44. Plaintiffs reallege and incorporate the allegations of all preceding paragraphs as though fully set forth herein.

45. Defendants' conduct has been, and continues to be, unfair, unlawful, and harmful to Plaintiffs, the Class, and the general public. Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Civil Procedure section 1021.5.

46. Defendants' activities are violations of California law, and constitute unlawful business acts and practices in violation of Business and Professions Code sections 17200, *et seq.*

47. A violation of Business & Professions Code sections 17200, *et seq.*, may be predicated on the violation of any state or federal law. As herein alleged, Defendants' policies and practices have violated state law in at least the following respects:

(a) Failing to pay Plaintiffs and the Class at least minimum wage, and/or their regular wages, in violation of Labor Code sections 1194, 1197, and 1197.1, and applicable Industrial Welfare Commission orders;

(b) Failing to pay Plaintiffs and the Class overtime wages in violation of Labor Code section 204, and applicable Industrial Welfare Commission orders; and

(c) Failing to timely pay all earned wages to Plaintiffs and the Class in violation of Labor Code sections 201, 202, 203, and 204, and applicable Industrial Welfare Commissions orders.

48. Labor Code section 204 requires that all wages earned by any person in any employment between the first and the fifteenth days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the sixteenth and the twenty-sixth day of the month during which the labor was performed, and that all wages earned by any person in any employment between the sixteenth and the last day, inclusive, of any calendar month, other than those wages due upon termination of any employee, are due and payable between the first and the tenth day of the following month. Labor Code section 204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period. During

the class period, Defendants failed to pay Plaintiffs and the Class all wages due to them within any time period specified by Labor Code section 204, including but not limited to, unpaid minimum wages, and missed meal and rest period premiums.

49. Under Business and Professions Code sections 17200, *et seq.*, Plaintiffs and the Class are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiffs and the Class; an award of attorneys' fees pursuant to Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

FOURTH CAUSE OF ACTION

Penalties Pursuant to Labor Code §2698, et seq. – PAGA

(Against All Defendants)

50. Plaintiffs reallege and incorporate the allegations of all preceding paragraphs as though fully set forth herein.

51. California Labor Code sections 2698 and 2699 (the California Private Attorney General Act of 2004, or the "PAGA"), expressly establishes that any provision of the California Labor Code which provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA"), or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the California Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

52. Whenever the LWDA, or any of its departments, divisions, commissions, boards, agencies or employees has discretion to assess a civil penalty, a court in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty.

53. Plaintiffs are "aggrieved employees" as defined by the California Labor Code section 2699, in that they are current or former employees of Kaiser, and one or more of the California Labor Code violations were committed against them.

54. Plaintiffs assert all of their claims in this complaint against Defendants on behalf of all aggrieved employees in their capacity as "private attorneys general" and seek all statutory penalties available under the California Labor Code.

9

First Amended Complaint

1    55. By reason of the above and pursuant to California Labor Code section 2699, Plaintiffs are

2    entitled to payment of a penalty of one hundred dollars ($100) per pay period for each employee for the

3    initial violation, and two hundred dollars ($200) per pay period for each employee for each subsequent

4    violation.

5    56. In addition, Plaintiffs seek and are entitled to have seventy five percent (75%) of all recovered

6    penalties allocated to the LWDA and twenty five percent (25%) to the aggrieved employees. Further,

7    Plaintiffs are entitled to seek and recover reasonable attorneys' fees and costs pursuant to the California

8    Labor Code section 2699 and any other applicable statutes.

9    57. Plaintiffs have complied with the notice requirements of the California Labor Code section

10   2699.3(a)(1) prior to commencing this action. A copy of the letter sent to the California Labor and

11   Workforce Development Agency on April 3, 2013, via certified mail, and copied to the agent for Service

12   of Process for CVS Caremark Corp., CVS Pharmacy, and CVS/Pharmacy on the same date, via certified

13   mail, in accordance with section 2699.3(a)(1), is attached hereto, as Exhibit A, and by reference

14   incorporated herein.

15   58. To date, the Labor and Workforce Development Agency has not responded to the notice letter set

16   forth in paragraph 57 above (i.e., Exhibit A).

17                                     REQUEST AND PRAYER FOR RELIEF

18   WHEREFORE, Representative Plaintiffs, on behalf of themselves and the Class, prays for

19   judgment and the following specific relief against Defendants CVS Caremark Corporation, CVS

20   Pharmacy, Inc, CVS/Pharmacy, and Does 1 through 100, jointly and severally, as follows:

21          1.      That this class be certified as a class action;

22          2.      That plaintiffs HOWARD, WOODEN, and ALEXANDER be representatives of the

23   Class; and

24          3.      That counsel for Plaintiffs be appointed as class counsel;

25                                     As to the First Cause of Action:

26          4.      That the Court declare, adjudge and decree that Defendants violated Labor Code sections

27   1194, 1997, and 1197.1, by willfully to pay minimum and overtime wages to Plaintiffs and the Class;

28          5.      For general unpaid wages and such general and special damages as may be appropriate;

6.   For pre-judgment interest on any unpaid compensation from the date such amounts were due;

7.   For reasonable attorneys' fees and for costs of suit incurred herein under Labor Code section 1194(a);

8.   For liquidated damages under Labor Code section 1194.2; and

9.   For such other and further relief as the Court may deem equitable and appropriate.

11
First Amended Complaint

**As to the Second Cause of Action:**

10.  That the Court declare, adjudge, and decree that Defendants violated Labor Code sections 201, 202, and 203 by willfully failing to pay Plaintiffs and the Class who are no longer employed by Defendants, all their earned wages, including unpaid minimum and overtime wages, either at the time of discharge, or within seventy-two hours of their leaving Defendants' employ.

11.  For all actual, consequential and incidental losses and damages, according to proof;

12.  For waiting time penalties according to proof, under Labor Code section 203, for all class members who have left Defendants' employ;

13.  For pre-judgment interest on any unpaid wages from the date such amounts were due; and

14.  For such other and further relief as the Court may deem equitable and appropriate.

**As to the Third Cause of Action:**

15.  That the Court declare, adjudge, and decree that Defendants violated Business and Professions Code sections 17200, *et seq.*, by failing to provide Plaintiffs and the Class all minimum and overtime wages due to them, failing to provide compliant wage statements, and failing to timely pay all earned wages upon termination and during employment;

16.  For restitution of unpaid wages to Plaintiffs and the Class, and pre-judgment interest from the day such amounts were due and payable;

17.  For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of Business and Professions Code sections 17200, *et seq.*;

18.  For reasonable attorneys' fees and costs of suit incurred herein pursuant to Code of Civil Procedure section 1021.5;

19.  For injunctive relief to ensure compliance with this section, under Business and Professions Code sections 17200, *et seq.*; and

20.  For such other and further relief as the Court may deem equitable and appropriate.

As to the Fourth Cause of Action

21.  For statutory penalties according to proof;

22.  For interest on the penalties from the date of violation until paid in full.

23.  For reasonable attorneys' fees, expenses, and costs.

ON ALL THE COUNTS

24.  For all the relief that the Court deems just and proper.

Dated: May 9, 2013                                    Respectfully Submitted,

                                                      THE MARKHAM LAW FIRM

                                    By:

                                                      _____
                                                      David R. Markham
                                                      Attorney for Plaintiffs


JURY DEMAND

Representative Plaintiff and the Plaintiff Class hereby demand trial by jury on all issues triable of right by jury.


Dated: May 9, 2013                                    Respectfully Submitted,

                                                      THE MARKHAM LAW FIRM

                                    By:

                                                      _____
                                                      David R. Markham
                                                      Attorney for Plaintiffs

# EXHIBIT A

# THE MARKHAM LAW FIRM

• 750 B Street, Suite 1950 • San Diego, California 92101 •
•Phone: (619) 399-3995 • Facsimile: (619) 613-2067 •
•Email: jmarkham@markham-law.com•

April 3, 2013

VIA CERTIFIED MAIL

Labor and Workforce Development Agency
Attn: Rachel Van Patten, Analyst
800 Capitol Mall, Suite 5000
Sacramento, CA 95814

    Re: *Howard v. CVS Caremark Corp., et al.*
       Case No. BC 502899

Dear Ms. Van Patten:

    The purpose of this correspondence is to inform you that plaintiffs Susan Howard, Roselyn Wooden, and Isabel Alexander, on behalf of themselves and all others similarly situated, intend to assert the legal rights granted by the California Labor Code Private Attorneys General Act of 2004, as set forth in Cal. Labor Code section 2698 *et seq,* ("the Act"). This letter is intended to satisfy the notice requirements of the Act and will also be sent to Defendants' agents for service of process.

    Ms. Howard, Ms. Wooden, and Ms. Alexander are plaintiffs in a putative class action lawsuit entitled *Howard v. CVS Caremark Corp., CVS Pharmacy, Inc., and CVS/Pharmacy,* which was filed in Los Angeles County Superior Court. Plaintiffs intend to amend their complaint to add a cause of action under the Act. The Markham Law Firm represents Plaintiffs in this case. On behalf of a putative class of employees who were denied their proper and accurate wages, Plaintiffs allege that Defendants: (1) failed to pay wages owed, in violation of Cal. Labor Code section 204; and (2) failed to provide accurate wage statements, in violation of Cal. Labor Code section 226. Plaintiffs also allege that Defendants were engaged in unlawful business practices under Cal. Bus. & Prof. Code §17200.

    Plaintiffs were employed by Defendant as a pharmacist, pharmacy technician, and pharmacy aide, and were improperly denied payment of wages, in the form of being required to work off-the-clock to complete their required duties. Accordingly, Plaintiffs' wage

Labor and Workforce Development Agency
*Howard v. CVS Caremark, et al.*
April 3, 2013

statements were inaccurate.

Very Truly Yours,

Janine R. Menhennet
Attorney for Plaintiffs

cc:    Agents for Service of Process for CVS Caremark Corp., CVS Pharmacy, and
CVS/Pharmacy.

2

# EXHIBIT H

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | DEPT. 17 |
|---|---|---|
| DATE: 05/16/13 | | |
| HONORABLE Richard E. Rico          JUDGE | A. ORTIZ | DEPUTY CLERK |
| HONORABLE              JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| 8      B. CHAVEZ, C.A.      Deputy Sheriff | NONE | Reporter |

| 8:30 am | BC502899 | Plaintiff Counsel | NO APPEARANCES |
| | SUSAN HOWARD ET AL | Defendant Counsel | |
| | VS | | |
| | CVS CAREMARK CORPORATION ET AL | | |
| | | | |
| | Complex 4/9/13 | | |

**NATURE OF PROCEEDINGS:**

ORDER RE: NOTICE OF RELATED CASES

The court finds that the following cases ARE NOT
RELATED within the meaning of Los Angeles Superior
Cuort Local Rule 7.3(f): BC502899 and BC464785.

Plaintiff is to give notice.


CLERK'S CERTIFICATE OF MAILING


I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served the minute order dated 5/16/13.

upon each party or counsel named below by placing
the document for collection and mailing so as to
cause it to be deposited in the United States mail
at the courthouse in Los Angeles,
California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.


Dated: 5/20/13

Page   1 of   2   DEPT. 17

MINUTES ENTERED
05/16/13
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 05/16/13 | | DEPT. 17 |
| HONORABLE Richard E. Rico | JUDGE A. ORTIZ | DEPUTY CLERK |
| HONORABLE 8 | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| B. CHAVEZ, C.A. | Deputy Sheriff NONE | Reporter |

| 8:30 am | BC502899 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | SUSAN HOWARD ET AL VS CVS CAREMARK CORPORATION ET AL | Defendant Counsel | |
| | Complex 4/9/13 | | |

NATURE OF PROCEEDINGS:

John A. Clarke, Executive Officer/Clerk

By: _____
        A. ORTIZ


DAVID R. MARKHAM
THE MARKHAM LAW FIRM
750 B. STREET, SUITE 1950
SAN DIEGO, CA. 92101


Page    2 of    2    DEPT. 17

MINUTES ENTERED
05/16/13
COUNTY CLERK

# EXHIBIT I

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 05/16/13

DEPT. 17

HONORABLE Richard E. Rico          JUDGE   A. ORTIZ          DEPUTY CLERK

HONORABLE
7                              JUDGE PRO TEM          ELECTRONIC RECORDING MONITOR

B. CHAVEZ, C.A.          Deputy Sheriff   NONE          Reporter

8:30 am  BC464785                      Plaintiff
                                       Counsel      NO APPEARANCES
         KIMBERLY MURPHY
         VS                            Defendant
         CVS CAREMARK CORPORATION ET AL  Counsel

         NON-COMPLEX (07-12-11)

NATURE OF PROCEEDINGS:

ORDER RE: NOTICE OF RELATED CASES

The court finds that the following cases ARE NOT
RELATED within the meaning of Los Angeles Superior
Court Local Rule 3.3 (f) : BC464785 and BC502899.

Moving plaintiff is to give notice.


                    CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served the minute order dated 5/16/13.

upon each party or counsel named below by placing
the document for collection and mailing so as to
cause it to be deposited in the United States mail
at the courthouse in Los Angeles,
California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.

Dated: 5/20/13

          Page   1 of   2   DEPT. 17

                                       MINUTES ENTERED
                                       05/16/13
                                       COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 05/16/13                                          **DEPT. 17**

HONORABLE Richard E. Rico      JUDGE   A. ORTIZ          DEPUTY CLERK

HONORABLE                 JUDGE PRO TEM             ELECTRONIC RECORDING MONITOR
7

    B. CHAVEZ, C.A.     Deputy Sheriff   NONE                Reporter

---

8:30 am BC464785                Plaintiff
                          Counsel

        KIMBERLY MURPHY                  NO APPEARANCES
        VS
        CVS CAREMARK CORPORATION ET AL    Defendant
                               Counsel

        NON-COMPLEX (07-12-11)

---

**NATURE OF PROCEEDINGS:**

        John A. Clarke, Executive Officer/Clerk

        By: _____
                      A. ORTIZ

        DAVID R. MARKHAM
        THE MARKHAM LAW FIRM
        750 B. STREET, SUITE 1950
        SAN DIEGO, CA 92101

Page   2 of   2    DEPT. 17

                                 **MINUTES ENTERED**
                                  05/16/13
                                  COUNTY CLERK

# EXHIBIT J

1  David R. Markham  CA Bar #071814
   *dmarkham@markham-law.com*
2  Peggy Reali  CA Bar #153102
   *preali@markham-law.com*
3  Janine Menhennet  CA Bar #163501
   *jmenhennet@markham-law.com*
4  Maggie Realin  CA Bar #263639
   *mrealin@markham-law.com*
5  **THE MARKHAM LAW FIRM**
   750 B Street, Suite 1950
6  San Diego, CA  92101
   (619)399-3995
7
   Walter Haines, CA Bar #71075
8  *walter@whaines.com*
   **UNITED EMPLOYEES LAW GROUP**
9  5500 Bolsa Avenue, Suite 201
   Huntington Beach, CA 92649
10 (310) 234-5678

11 Attorneys for Representative Plaintiffs
   and the Plaintiff Classes

12

13

14           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

15                    **FOR THE COUNTY OF LOS ANGELES**

16

17 SUSAN HOWARD, an individual, ROSELYN      Case No. BC 502899
   WOODEN, an individual, ISABEL             **CLASS ACTION**
18 ALEXANDER, an individual, on behalf of
   themselves and all others similarly situated,   **PLAINTIFFS' INITIAL STATUS**
19                                            **CONFERENCE STATEMENT**

20           Plaintiffs,

21 v.                                         Case Assigned for All Purposes to
                                             Judge Kenneth R. Freeman
22 CVS CAREMARK CORPORATION, a Delaware
   Corporation; CVS PHARMACY, a Rhode Island  Dept. 310
23 Corporation; CVS/PHARMACY, a business      Date: May 30, 2013
   organization, form unknown; and DOES 1 through   Time: 11:00 a.m.
24 25, inclusive,

25           Defendants.

26

27

28

                                    1
                 **Plaintiffs' Initial Status Conference Statement**

1        Plaintiffs submit this Initial Status Conference Statement pursuant to the Court's Initial Status

2  Conference Order dated April 9, 2013.

3

4        Plaintiffs are not submitting a Joint Initial Status Conference Class Action Response Statement

5  for the following reasons:

6        After filing the Complaint in this matter, Plaintiffs realized that an additional cause of action was

7  required, under the Private Attorney General's Act, under Labor Code section 2698, *et seq.*

8  Accordingly, Plaintiffs sent the required letter to the Labor and Workforce Development Agency on or

9  about April 3, 2013.  Plaintiffs were required to wait thirty-three days before taking private action on

10  this matter, which the Agency determined if it would respond to Plaintiffs' complaint.

11        On May 1, 2013, the Agency responded to Plaintiffs' complaint by mail.  Upon receipt of the

12  Agency's decision, Plaintiffs amended their complaint to include the cause of action for penalties under

13  the Private Attorney General's Act.  This amended complaint was sent out for filing on or about May 9,

14  2013.

15        The First Amended Complaint is currently out for service.  Accordingly, none of the defendants

16  have had a chance to respond to the complaint, and the parties have not been able to meet and confer

17  pursuant to the Court's April 9, 2013 order.

18        Plaintiffs would request a continuance of the Court's Initial Status Conference Order and Status

19  Conference until a time when the parties have had a chance to meet and confer with respect to the topics

20  contained in the Court's April 9, 2013 order.

21

22  Dated: May 22, 2013                   Respectfully Submitted,

23                               THE MARKHAM LAW FIRM

24                   By:

25

26                               David R. Markham

27                               Janine R. Menhennet

                                   Attorney for Plaintiffs

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Manuel Real and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV13- 4748 R (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

Unless otherwise ordered, the United States District Judge assigned to this case will hear and determine all discovery related motions.

═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [_] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [_] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [_] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| SUSAN HOWARD, an individual, ROSELYN WOODEN, an individual, ISABEL ALEXANDER, an individual, on behalf of themselves and all others similarly situated | CVS CAREMARK CORPORATION, a Delaware Corporation; CVS PHARMACY, a Rhode Island Corporation; CVS/PHARMACY, a business organization, form unknown; and DOES 1 through 25, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| The Markham Law Firm, David R. Markham (071814), Peggy Reali (153102), Janine Menhennet (163501), Maggie Realin (263639) 750 B Street, Ste 1950 San Diego, CA 92101; 619.399.3995 | Sidley Austin, LLP Douglas R. Hart (115673), Jennifer B. Zargarof (204382), Heidi Lanzi (254600) 555 West Fifth Street, Suite 4000, Los Angeles, CA 90013; 213.896.6000 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding    ☑ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Class Action Fairness Act, 28 U.S.C. sec. 1332

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**    Case Number:    **CV13-04748**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No  ☑Yes
If yes, list case number(s):  CV 10-4886-SJO (RCx)

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☑A. Arise from the same or closely related transactions, happenings, or events; or
☑B. Call for determination of the same or substantially related or similar questions of law and fact; or
☑C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff Isabel Alexander is a resident of Los Angeles County.<br>Plaintiff Susan Howard is a resident of Stanislaus County.<br>Plaintiff Roselyn Wooden is a resident of Solano County. | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Defendant CVS Pharmacy, Inc. is a citizen of Rhode Island, and Defendant CVS Caremark Corporation is a citizen of Delaware and Rhode Island. |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiffs assert individual claims that are alleged to have arisen in Los Angeles County as well as throughout the State of California, and class claims that are alleged to have arisen throughout the State of California. | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Heidi M. Howell_                Date July 1, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |